1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   UNITED STATES OF AMERICA,          No. 2:23-cv-02800 WBS AC

13               Plaintiff,

14       v.                             ORDER

15   4.04 ACRES OF LAND, MORE OR
     LESS, LOCATED IN SHASTA COUNTY,
16   STATE OF CALIFORNIA; PACIFIC GAS
     AND ELECTRIC CO.; BANK OF NEW
17   YORK MELLON TRUST COMPANY, N.A.;
     SHASTA COUNTY TAX COLLECTOR;
18   ANDERSON-COTTONWOOD IRRIGATION
     DISTRICT; MARCELINO HEREDIA
19   CERVANTES; and ARAIZA HEREDIA
     FLORES,
20
                 Defendants.
21

22                          ----oo0oo----

23          This is a condemnation action arising from the United

24   States' taking of a parcel of land owned by Pacific Gas and

25   Electric Company ("PG&E").  The Anderson-Cottonwood Irrigation

26   District ("ACID"), which owns an earthen water canal abutting the

27   parcel, is also named as a defendant.

28          The court previously issued a scheduling order with a

                                    1

1   specialized discovery schedule that reflected the parties' agreed

2   requests.  Their Joint Status Report stated that prior to

3   discovery, the court "needs to initially determine the nature of

4   ACID's interests in the Subject Property under California and

5   federal law, and whether any such interests survive after the

6   United States' condemnation of the Subject Property," and "rule

7   . . . as to whether these interests are compensable in this

8   condemnation action."  (Docket No. 33 at 3.)

9           The parties requested a bifurcated discovery schedule

10  that would commence following that initial ruling.  (Id.)

11  Accordingly, the court's scheduling order stated in relevant part

12  that "[d]iscovery shall be bifurcated into title and compensation

13  phases, with the first phase to be completed following the

14  Court's ruling on which defendants have compensable property

15  interests."  (Docket No. 35 at 2.)

16          Approximately one month later, the parties submitted a

17  stipulated briefing schedule for a "motion for a determination on

18  the legal basis of ACID's claimed compensable property

19  interests."  (Docket No. 38 at 2.)  In accordance with that

20  schedule, ACID subsequently filed a "motion for determination of

21  property interests."  (Docket No. 39.)  In its motion, reply

22  brief, and proposed order, ACID pointed to a general legal

23  proposition that the parties apparently agreed upon -- that

24  seepage rights constitute real property rights under California

25  law -- but then appeared to jump to the conclusion that the court

26  should declare that "ACID's seepage rights are real property

27  rights," arguing at the same time that a full determination of

28  ACID's property interest was premature because discovery on

                                    2

1    various issues, including whether seepage onto the parcel at

2    issue is occurring or will occur, was needed.

3         At oral argument, all counsel expressed agreement with

4    the general proposition that seepage rights constitute real

5    property rights under California law.  When the court then

6    proposed to enter such a finding and permit discovery on the

7    question of whether and to what extent ACID possesses such rights

8    in the subject property, counsel for PG&E and the government

9    expressed discontent with such an approach, arguing that ACID had

10   failed to establish it possessed seepage rights and suggesting

11   that the court should affirmatively rule that ACID did not

12   possess any compensable property interest.

13        At this point the court is at a loss to understand what

14   the parties want it to do in response to the pending motion.

15   ACID's motion for a determination of property interests (Docket

16   No. 39) is therefore DENIED WITHOUT PREJUDICE, and this matter is

17   hereby REFERRED to the assigned Magistrate Judge for the purpose

18   of conducting an informal conference with counsel to develop a

19   discovery plan and establish a process for the resolution of any

20   predicate legal or factual issues.

21        IT SO ORDERED.

22   Dated:  April 1, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3